UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN J. IWANISZEK,<br><br>　　　　　　Plaintiff,<br>v.<br><br>PRIDE TRANSPORT INC.,<br><br>　　　　　　Defendant. | Case No. 2:17-cv-02918-JCM-PAL<br><br>**SCREENING ORDER**<br><br>(Compl. – ECF No. 1-1) |

This matter is before the court on an initial screening of Plaintiff Steven J. Iwaniszek's Complaint (ECF No. 1-1). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Iwaniszek is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a Complaint. In a separate Report of Findings and Recommendation, the undersigned recommended that the IFP application be denied, that he be required to pay the $400.00 filing fee, and that his failure to do so within the time set by the district judge should result in dismissal of this action.

I. **SCREENING THE COMPLAINT**

When a litigant requests IFP status, federal courts screen the complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). If the complaint states a plausible claim for relief, the court will direct Clerk's Office to issue summons to the defendant(s) and instruct the plaintiff to serve the summons and complaint within 90 days of the screening order authorizing service of process. *See* Fed. R. Civ. P. 4(m). If the court finds that the complaint fails to state an actionable claim, the complaint is dismissed and the plaintiff is ordinarily given leave to amend with

1

directions as to curing the pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id*. The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v.*

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

*Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id.* at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. For the purpose of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira*, 873 F.3d at 678 (citing *Iqbal*, 556 U.S. at 680). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**B. Mr. Iwaniszek's Factual Allegations and Claims for Relief**

The proposed Complaint (ECF No. 1-1) names Pride Transport, Inc. as the defendant. Mr. Iwaniszek alleges that Pride Transport discriminated against him in employment pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act of 1990, and the Genetic Information Nondiscrimination Act. *Id.* at 3, ¶ II. The alleged misconduct occurred from September 17 to December 20, 2016, and included a failure to accommodate his disability or perceived disability, retaliation, harassment, and termination of his employment. *Id.* at 4, ¶ III.A–B. Iwaniszek claims that he was discriminated against based on his disability or perceived disability of a back and wrist injury and past workers compensation claims. *Id.*, ¶ III.D.

Mr. Iwaniszek alleges that Pride Transport fired him on September 19, 2016, two days after he filed a workers' compensation claim for an injury. *Id.* at 5, ¶ III.E. In addition, Pride Transport purportedly harassed him by attempting to have him sign a medical leave form, and if he did not, his position would be terminated. Iwaniszek references emails correspondence between himself, Pride Transport, and a workers' compensation fund of Sandy, Utah; however no emails were attached to the pleading.

3

Mr. Iwaniszek asserts that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Pride Transport's alleged discriminatory conduct on or about May 23, 2017. *Id.*, ¶ IV.A. The EEOC issued a Notice of Right to Sue letter, which Iwaniszek received on or about August 24, 2017. *Id.*, ¶ IV.B. In his request for relief, Mr. Iwaniszek seeks $22,000 in backpay, compensatory and punitive damages of $300,000, and attorneys' fees and costs. *Id.* at 6, ¶ V.

**C. Analysis**

The Complaint asserts claims for employment discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117 ("ADA"), and Genetic Information Nondiscrimination Act of 2008 ("GINA"). For the reasons discussed below, the court finds that the Complaint fails to state a claim upon which relief can be granted. However, because it is possible that Mr. Iwaniszek may be able to adequately allege claims, if sufficient facts exist, the court will dismiss the Complaint and with leave to amend if he believes he can cure the deficiencies noted in this order.

        1. <u>Discrimination Under Title VII</u>

Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-5. In this case, Iwaniszek alleges discrimination on the basis of disability. To establish a Title VII claim, a plaintiff must allege: (1) he is a member of a protected class; (2) he was qualified for his position and performing his job satisfactorily; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside of his protected class were "treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt. Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); 42 U.S.C. § 2000e-3(e). An adverse employment action is one that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008).

The Complaint fails to state a plausible claim for discrimination under Title VII. Mr. Iwaniszek alleges that he experienced adverse employment actions under Title VII, including termination of his employment, retaliation, and harassment. He checked a box on the form

4

indicating he experienced discrimination based on his disability or perceived disability. Title VII prohibits discrimination against members of certain protected classes: race, color, gender/sex, religion, or national origin. Disability is not a protected class under Title VII; rather, discrimination based on disability or perceived disability is prohibited by the ADA. In addition, Iwaniszek does not allege that he was qualified for his position and performing his job satisfactorily, or that similarly situated individuals outside of his protected class were treated more favorably. Mr. Iwaniszek does not allege any facts to support a plausible Title VII claim.

### 1. Discrimination Based on Disability

The ADA makes it unlawful for covered entities, including private employers, to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (a); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477 (1999). Discrimination includes the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship" on the entity's business operation. 42 U.S.C. § 12112(b)(5)(A). To qualify for relief under the ADA, a plaintiff must allege that he or she: (1) is a disabled person within the meaning of the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential job functions; and (3) suffered an adverse employment action because of the disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

Only a "qualified individual with a disability" may state a claim for discrimination under the ADA. *Kennedy v. Applause*, *Inc.*, 90 F.3d 1477, 1480–81 (9th Cir. 1996). The ADA defines "qualified individual with a disability" as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); *see also Kennedy*, 90 F.3d at 1481. The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of

such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

The Complaint fails to allege a colorable claim under the ADA. Mr. Iwaniszek alleges he was terminated because of a back and wrist injury and past workers compensation claims, which the court construes as an allegation that he is a disabled person within the meaning of the ADA. He alleges he suffered adverse employment actions because of his disability including accommodate his disability, harassment, retaliation, and termination. However, he does not allege that he was qualified to perform the essential functions of her job with or without reasonable accommodation. Thus, Mr. Iwaniszek has not stated a plausible ADA claim.

2. The Genetic Information Nondiscrimination Act

The Genetic Information Nondiscrimination Act of 2008 ("GINA") is intended to prohibit employers from making a "predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in [a] family member." *Poore v. Peterbilt of Bristol, LLC*, 852 F. Supp. 2d 727, 730 (W.D. Va. 2012) (quoting H.R. Rep. No. 110–28, pt. 3, at 70 (2007), 2008 U.S.C.C.A.N. 112, 141). Under GINA, it is unlawful for an employer to discriminate against an employee on the basis of genetic information, to use genetic information in making employment decisions, or to "request, require, or purchase" genetic information from an employee. 42 U.S.C. § 2000ff1 (a), (b). "Genetic information" is defined under GINA as information about (1) an individual's genetic tests; (2) the genetic tests of family members of an individual; or (3) the manifestation of a disease or disorder in family members of an individual. 42 U.S.C. § 2000ff(4).

Here, Mr. Iwaniszek alleges no facts showing that he was discriminated against based on his or his family's genetic tests or diseases that run in his family. He simply checked a box on the complaint form indicating that "other federal law" applies and wrote the name of the statute. He does not explain how the alleged discriminatory conduct is related to his genetic information. Simply identifying a statute providing a cause of action, with no factual basis, is a conclusory assertion that does not state a plausible claim. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Thus, Mr. Iwaniszek fails to state an actionable claim for discrimination under GINA.

///

## II. INSTRUCTIONS FOR AMENDING THE COMPLAINT

If Mr. Iwaniszek chooses to file an amended complaint, he must do so by **March 14, 2019**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means that Iwaniszek should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted in the amended complaint. *Iqbal*, 556 U.S. at 678 (Rule 8 demands "more than labels and conclusions"). Mr. Iwaniszek is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In addition, exhibits are not a substitute for a proper complaint. Instead, Iwaniszek should summarize the information he believes to be relevant as part of the supporting facts for each claim asserted in the amended complaint.

Mr. Iwaniszek is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED**:

1. The Clerk of the Court SHALL FILE Plaintiff Steven J. Iwaniszek's proposed Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.

///

2. The Clerk of Court shall MAIL Mr. Iwaniszek one blank form complaint for employment discrimination actions, one copy of the original Complaint, and one copy of this Screening Order.

3. The Complaint is DISMISSED with leave to file an amended complaint by **March 14, 2019**, if Mr. Iwaniszek believes he can correct the noted deficiencies.

4. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

5. Mr. Iwaniszek shall clearly title the amended complaint as such by writing "FIRST AMENDED" immediately above "Complaint for Employment Discrimination" on the first page and 2:17-cv-02918-JCM-PAL in the space for "Case No."

6. Mr. Iwaniszek shall file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **March 14, 2019**.

7. Mr. Iwaniszek's failure to comply with this Screening Order by submitting an amended complaint and certificate of interested parties before the **March 14, 2019** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 13th day of February, 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE