UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN J. IWANISZEK,<br><br>                              Plaintiff,<br>v.<br><br>PRIDE TRANSPORT INC.,<br><br>                              Defendant. | Case No. 2:17-cv-02918-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – ECF No. 1) |

       This matter is before the court on Plaintiff Steven J. Iwaniszek's Application to Proceed *In Forma Pauperis* (ECF No. 1). This application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

       Mr. Iwaniszek is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without prepaying the $400 fee if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to the court's discretion, based upon the information a plaintiff submits. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

       The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*,

787 F.3d 1226, 1235 (9th Cir. 2015).  An applicant need not be absolutely destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself "with the necessities of life."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 339 (1948)).  However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).  Thus, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).  It is within the court's discretion to make a factual inquiry into a plaintiff's financial status and to deny an IFP application if an individual is unable or unwilling to verify his or her poverty.  *Id.*  If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case."  28 U.S.C. § 1915(e)(2).

Here, Mr. Iwaniszek has submitted the affidavit required by § 1915(a).  The affidavit states that he is currently employed and receives $650–$1,000 in gross wages per week (approximately $33,800–$52,000 per year).  Iwaniszek represent that he has $2,600 in cash or in a bank account, and over $37,000 in valuable items including his home, automobiles, and tools.  Although he has listed certain monthly living expenses, his assets exceed this amount and he listed no other debts or financial obligations.

Furthermore, Mr. Iwaniszek's income far exceeds the federal poverty guideline.  Although the court does not apply the federal poverty guidelines as the sole basis to grant or deny IFP status, they are one measure of poverty.  A plaintiff with an income well above the applicable guideline, without substantial debts or expenses, may likely fail to establish an inability to pay the filing fee.  *See, e.g.*, *Lopez-Ruiz v. Tripler Army Med. Ctr.*, 2011 WL 486952, at *1 (D. Haw. Feb. 4, 2011) (denying *in forma pauperis* application where plaintiff's income was well in excess of the federal poverty guidelines, she had other assets, and even though she had some debts, her monthly income still exceeded her monthly expenses).  Mr. Iwaniszek's application indicates that he is married but

has no other dependents. Currently, the 2019 federal poverty guideline for a family of two is $16,910. U.S. DEP'T OF HEALTH & HUMAN SERVICES, Poverty Guidelines, *available at* https://aspe.hhs.gov/poverty-guidelines (last visited Feb. 8, 2019). Iwaniszek's income is more than double the federal poverty guideline.

The court finds that Mr. Iwaniszek has sufficient assets to pre-pay the costs and fees of this civil action and he is ineligible for IFP status. Based on this information, the court finds that his income is sufficient to pay the filing fee in this case. *See, e.g.*, *Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"); *Broemer v. C.I.A.*, 33 F. App'x 341, 341–42 (9th Cir. 2002) (affirming the district court's denial of IFP application where applicant failed to answer all of the questions in his "Declaration in Support of Request to Proceed In Forma Pauperis").

Accordingly,

**IT IS RECOMMENDED that:**

1. Plaintiff Steven J. Iwaniszek's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. Mr. Iwaniszek be required to pay the full $400.00 filing fee, and his failure to do so within the time set by the district judge should result in dismissal of this action.

Dated this 13th day of February, 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of

shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.